UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AARON BAKER,
    Plaintiff,
v.                                    Case No.:

RANDALL FINE, in his official
capacity as a Member of the
United States House of Representatives,
and in his individual capacity,
    Defendant.
_____/

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Aaron Baker ("Plaintiff,") by and through undersigned counsel, sues Defendant Congressman Randall Fine ("Defendant" or "Rep. Fine") and alleges as follows:

### **I. INTRODUCTION**

1. This case challenges Defendant Fine's viewpoint-based blocking of Plaintiff Baker from Defendant's two official X (formerly Twitter) accounts used to communicate with constituents and the public about official matters. Rep. Fine blocked Baker in February 2026, after Baker criticized Fine's continuous refusal to support "The Epstein Files Transparency Act" on several occasions.

2. Defendant opened an interactive online space on X for speech and engagement regarding governmental matters, then excluded Plaintiff from that space based on Plaintiff's protected expression on the Epstein issue, among other political issues.

1

3. Plaintiff seeks declaratory and injunctive relief to end an ongoing violation of the First Amendment.

4. Plaintiff proceeds under this Court's federal-question jurisdiction and equitable authority to enjoin unconstitutional conduct by federal officials.

## II. JURISDICTION AND VENUE

7. This action arises under the Constitution and laws of the United States, including the First Amendment.

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and authority to grant declaratory relief under 28 U.S.C. §§ 2201–2202.

9. Venue is proper in this District under 28 U.S.C. § 1391, including because Plaintiff resides in this District and a substantial part of the events giving rise to the claim occurred here and/or Defendant's challenged conduct was directed into this District via official communications to constituents.

## III. PARTIES

10. Plaintiff Aaron Baker is a resident of Lake County, Florida, within the Ocala Division of the Middle District of Florida and a user of X.

11. Defendant Randall Fine is a Member of the United States House of Representatives, a resident of Brevard County, and is sued in his official capacity and individual capacity for declaratory and injunctive relief.

## IV. FACTUAL ALLEGATIONS

### A. Defendant's Official Use of X

12. Defendant operates and/or controls one or more X accounts that are held out as official channels of his office (collectively, the "Official Accounts"),

2

including (to be confirmed by handle/URL in final filing):

**a. @repfine**

**b. @voterandyfine**

c. any additional X accounts Defendant uses to communicate in an official capacity.

13. Defendant uses the Official Accounts to communicate about legislative activity, governmental services, constituent issues, official events, and other matters within his official responsibilities.

14. The Official Accounts are configured to enable public interaction through replies, quote-posts, reposts, and other engagement features (the "Interactive Space").

15. Defendant uses the Official Accounts not merely as personal expression but to purport to exercise official authority—including communicating official positions, announcing official actions, and engaging constituents as constituents.

16. Under the Supreme Court's framework, an official's social-media activity constitutes governmental action where the official possessed actual authority to speak on the government's behalf on the subject matter and purported to exercise that authority in the social-media activity.

17. Defendant's Official Accounts satisfy that framework.

**B. Plaintiff's Protected Speech and Attempted Participation**

18. Plaintiff attempted to follow the Official Accounts and sought to view and participate in the Interactive Space. Rep. Fine blocked Baker in February

3

2026, after Baker criticized Fine for his continuous refusal to support "The Epstein Files Transparency Act" on several occasions.

19. Plaintiff engaged in constitutionally protected expression, including criticism of Defendant and/or Defendant's positions, statements, policies, or conduct in office.

**C. Defendant Blocked Plaintiff Based on Viewpoint**

20. Defendant blocked Plaintiff from the Official Accounts.

21. As a result, Plaintiff is excluded from viewing and participating in the Interactive Space in the manner available to unblocked users, including replying to posts, engaging in threads, and interacting with Defendant's posts and other users in that forum.

22. Defendant's block was motivated by Plaintiff's protected speech and viewpoint, including Plaintiff's criticism or disagreement with Defendant. Specifically, Rep. Fine blocked Baker in February 2026, after Baker criticized Fine for his continuous refusal to support "The Epstein Files Transparency Act" on several occasions.

23. Defendant's blocking is ongoing and continues to exclude Plaintiff from a forum Defendant opened for public engagement on official matters.

**D. The Interactive Space Is a Forum; Blocking Is Viewpoint Discrimination**

24. Courts have recognized that the interactive component of an official's social-media page can constitute a forum for speech and that banning a critic from that interactive component can constitute unconstitutional viewpoint discrimination.

4

25. Defendant's viewpoint-based exclusion of Plaintiff from the Interactive Space violates the First Amendment.

## COUNT I
## VIOLATION OF THE FIRST AMENDMENT OF THE U.S. CONSTITUTION

### Viewpoint Discrimination
### (Declaratory & Injunctive Relief)

26. Plaintiff realleges and incorporates by reference Paragraphs 1 through 25 as if fully set forth herein.

27. Defendants blocking Plaintiff from the accounts violates the First Amendment because it imposes a viewpoint-based restriction Plaintiff's right to read or participate in a public forum, right to hear, right to petition the government for the redress of grievances, and his right to access official statements.

28. Defendant maintains and controls Official X (Twitter) Accounts as channels for communicating with constituents and the public regarding official matters and uses the interactive features of those accounts—including replies and comment threads—as an open space for public engagement (the "Interactive Space").

29. By intentionally opening the Interactive Space for public discussion of governmental matters, Defendant created at least a designated public forum or limited public forum for speech, subject to the constraints of the First Amendment.

30. Plaintiff engaged in, or attempted to engage in, protected speech in the Interactive Space, including criticism of Defendant and/or Defendant's official positions, statements, and conduct.

31. Defendant blocked Plaintiff from the Official Accounts, thereby excluding Plaintiff from viewing and participating in the Interactive Space in the manner available to other members of the public.

32. Defendant's blocking of Plaintiff was motivated by Plaintiff's viewpoint and constituted viewpoint discrimination, specifically when Rep. Fine blocked Baker after Baker criticized Fine's refusal to support "The Epstein Files Transparency Act" on several occasions.

33. Viewpoint discrimination in a forum opened for public participation violates the First Amendment.

34. Defendant's conduct has caused and continues to cause Plaintiff irreparable injury, including loss of First Amendment freedoms and exclusion from ongoing civic discourse and petitioning activity.

35. Plaintiff has no adequate remedy at law for the continuing constitutional violation, and declaratory and injunctive relief are necessary to prevent further harm.

36. Defendant's viewpoint-based blocking deprived Plaintiff of rights secured by the First Amendment, including the right to be free from viewpoint discrimination in a forum opened for public participation.

37. Defendant's blocking directly caused Plaintiff injury, including exclusion from the Interactive Space, loss of access to an ongoing governmental

communications forum, and chilling/suppression of Plaintiff's participation in protected speech and civic discourse.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare that Defendant's blocking of Plaintiff from the Official Accounts based on viewpoint violates the First Amendment;

B. Preliminarily and permanently enjoin Defendant and those acting in concert with him from continuing to block Plaintiff from the Official Accounts based on viewpoint, and order Defendant to unblock Plaintiff;

C. Award Plaintiff reasonable attorneys' fees and costs under all applicable legal authority, to include, but not limited to, the Equal Access to Justice Act, 28 U.S.C. § 2412, and 42 U.S.C. § 1988.

D. Grant such other and further relief as the Court deems just and proper.

**Dated**: February 20, 2026

Respectfully submitted,

/s/ *Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
SABATINI LAW FIRM, P.A.
1601 E. 1ST AVENUE
MOUNT DORA, FL 32757
T: (352)-455-2928
anthony@sabatinilegal.com